UNITED STATES

v.

Private (E–1) Leroy FITZGERALD, Jr., 230–58–0879, U. S. Army, Headquarters and Headquarters Company, 240th Quartermaster Battalion, Fort Lee, Virginia.

SPCM 10744.

U. S. Army Court of Military Review.

24 July 1975.

---

* *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Gunnels*, 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957).

**580**

Appellate counsel for the Accused: CPT Barry J. Wendt, JAGC; LTC James Kucera, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Nancy Battaglia, JAGC; CPT Raymond M. Ripple, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

COOK, Judge:

In accordance with his plea the appellant was found guilty of two specifications of absence without leave (violations of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886) and was sentenced by the military judge to a bad-conduct discharge. This sentence was approved by the convening authority.

Appellant objected at trial to the admission into evidence during the hearing on sentence, of two special court-martial orders on the basis that these orders were not properly authenticated. His objection, specifically, was that the *attesting* certificate on the orders did not indicate that the signer thereof was acting in a custodial capacity, as required by paragraph 143b(2)(a), Manual for Courts-Martial, United States, 1969 (Revised edition). An exemplary form for an attesting certificate is contained at paragraph 143b(2)(b), MCM 1969 (Rev). Appellant asserts that the military judge erred in overruling this objection. We disagree.

"Like any other writing, an official record (144b) or copy thereof must be properly authenticated if it is to be introduced in evidence as being genuine, . . ." Paragraph 143b(2)(a), MCM 1969 (Rev).

"Official records kept in official custody are ordinarily evidenced by properly authenticated copies." Paragraph 143b(2)(a), MCM 1969 (Rev).

A reading of the last cited subparagraph, *in toto*, as well as the next subparagraph 143b(2)(b), reveals that an attesting certificate is only one method of authenticating an official, military record.

Paragraph 12–4c, AR 27–10, 26 November 1968, deals with the authentication of court-martial orders. It is stated therein that:

"Court-Martial orders are authenticated in the same manner as other orders discussed in paragraph 1–24c, AR 310–10 with the exception of the authority line."

Without cluttering up this opinion with the minutiae contained in the last cited regulatory provision, suffice it to state that a comparison of the contested special court-martial orders and the requirements of AR 310–10 clearly evidence conformity. Authentication of these orders was completed by the authenticating officer signing above his typed signature block located below the word "OFFICIAL."

To complete the picture, it is noted that paragraph 143b(2)(f), MCM 1969 (Rev), contains the following language:

"If an original official record is subscribed by a judicially noticeable signature . . . (*see* 147a), that original (or an admissible photographic or other facsimile thereof, for example, a facsimile itself admissible as an official record) may be authenticated by taking judicial notice of the signature. . . ."

And paragraph 147a, MCM 1969 (Rev), (the evidentiary paragraph in the Manual concerned with the subject of judicial notice) states that ". . . the signatures of authorities . . . giving official notice of the . . . results of the proceedings of . . . courts . . . are the appropriate subject of judicial notice."

The fact that the attesting certificate on the challenged special court-martial orders did not comply with the Manual provisions is irrelevant. An attesting certificate was unnecessary surplusage. These orders were

admissible under the Manual provisions set out above.

Under the authority of the third paragraph of Section B, Table of Maximum Punishments, paragraph 127c, MCM 1969 (Rev), a bad-conduct discharge was authorized in this case even without any proof of prior convictions.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge CLAUSE concur.